# <u>Exhibit A</u>



I, MAE C. FOSS, of Naples, Florida, declare this to be my will, revoking all my prior wills and codicils:

## FIRST:

All my legally enforceable debts and funeral expenses, as well as the expenses of administering my estate, shall be paid as soon after my death as practicable.

## SECOND:

A.    I bequeath all tangible personal property owned by me at my death, of whatever nature and wherever situated, and all insurance, including any prepaid premiums thereon, relating to said property to such of my children, NANNETTE FOSS ORR, WILSON P. FOSS, IV, and EDWARD C. FOSS, as shall survive me, in shares of as nearly equal value as shall be practicable. Without imposing any legal obligation, I request that my said children in turn give such of said items to such of my relatives and friends as shall accord with any wishes which I may have expressed in that regard prior to my death.

B.    I direct the payment, as an expense of administering my estate, of all costs of storing, packing, shipping and insuring any property disposed of pursuant to this Article.

## THIRD:

I direct my Personal Representative hereinafter named to sell all my right, title and interest in and to any real property which I may own at my death and to add the net proceeds thereof to my residuary estate disposed of under Article Sixth of this will. Any such sale shall be at such time, in such manner and upon such terms as my Personal Representative shall in her discretion determine to be in the collective best interests of the beneficiaries of my residuary

estate, and, provided that my Personal Representative acts in good faith, I expressly authorize her to purchase said property for her own account or to join with others in purchasing the same without any necessity for obtaining court approval.

### FOURTH:

I bequeath the following sums to such of the following individuals as shall survive me and to such of the following institutions as shall be "qualifying organizations," as hereinafter defined, at my death:

    A.    The sum of Twenty-Five Thousand Dollars ($25,000) to each of my daughters-in-law, CATHERINE FOSS and MARGARET INDERHEES, and to my son-in-law, HENRY S. ORR.

    B.    The sum of Ten Thousand Dollars ($10,000) to ALBANY FREE SCHOOL, Albany, New York;

    C.    The like sum of Ten Thousand Dollars ($10,000) to CHAPEL HAVEN, INC., New Haven, Connecticut;

    D.    The like sum of Ten Thousand Dollars ($10,000) to COMMUNITY GALLERY, INC. (d/b/a AVA Gallery and Art Center), Lebanon, New Hampshire;

    E.    The sum of Two Thousand Five Hundred Dollars ($2,500) to CHRIST CHURCH MEDIA, Media, Pennsylvania;

    F.    The like sum of Two Thousand Five Hundred Dollars ($2,500) to MISS PORTER'S SCHOOL, INC., Farmington, Connecticut;

    G.    The like sum of Two Thousand Five Hundred Dollars ($2,500) to ST. MATTHEW'S CHURCH, Bedford, New York;

-2-

H.    The like sum of Two Thousand Five Hundred Dollars ($2,500) to THE TRUSTEES OF RESERVATIONS, Beverly, Massachusetts, for support of the Coskata-Coatue Wildlife Refuge;

I.    The sum of One Thousand Dollars ($1,000) to AUDUBON OF FLORIDA, Miami, Florida, for support of the Corkscrew Swamp Sanctuary;

J.    The like sum of One Thousand Dollars ($1,000) to COOPERATIVE FOR ASSISTANCE AND RELIEF EVERYWHERE, INC. (CARE), Atlanta, Georgia;

K.    The like sum of One Thousand Dollars ($1,000) to HABITAT FOR HUMANITY INTERNATIONAL, INC., Americus, Georgia;

L.    The like sum of One Thousand Dollars ($1,000) to NANTUCKET COTTAGE HOSPITAL, Nantucket, Massachusetts;

M.    The like sum of One Thousand Dollars ($1,000) to NAPLES BOTANICAL GARDEN, INC., Naples, Florida; and

N.    The like sum of One Thousand Dollars ($1,000) to SPECIAL OLYMPICS CONNECTICUT, INC., Hamden, Connecticut.

**FIFTH:**

I have a limited testamentary power to appoint the principal, with all undistributed and accrued income, of the trust under subdivision B of Article Third of a Trust Deed dated October 6, 1983, as amended by an Amendment to Trust Deed dated October 14, 1983, between my late husband, Wilson P. Foss, as Grantor, and Connecticut Bank and Trust Company, N.A., now known as FleetBoston Financial Corporation, as Trustee (the "Trust Deed"). By virtue of the fact that my said late husband did not amend the Trust Deed after October 21, 1986, and that

-3-

he died prior to January 1, 1987, said trust principal is not subject to the generation-skipping transfer tax imposed by Chapter 13 of the Internal Revenue Code. Anything contained herein to the contrary notwithstanding, it is my intention that said trust principal shall at all times hereafter remain exempt from the imposition of the said tax, and, accordingly, I direct that if any provision of this will shall operate or otherwise be construed so as to cause an "addition" to be made to said principal within the meaning of Treasury Regulation Section 26.2601-1(b)(2)(v), said provision shall be of no effect herein for such purposes. Subject to the foregoing, I hereby exercise said power of appointment by appointing said principal and income to my Corporate Trustee. I also bequeath to my Corporate Trustee property of my residuary estate which shall be equal in value to such portion of my "GST exemption," as defined in Section 2631 of the Internal Revenue Code, which shall be available for allocation by my Personal Representative (after any allocation of such exemption with respect to property transferred by me during my life), reduced by any amount of my GST exemption which my Personal Representative shall allocate to any property other than property passing pursuant to this Article Fifth, whether under or outside this will. My Corporate Trustee shall divide the property so appointed and bequeathed into so many equal shares that there shall be one such share in respect of each child of mine who shall survive me and one such share in respect of each child of mine who shall not survive me but of whom there shall be issue so surviving and shall dispose of such shares as follows:

     A.     The share, if any, determined in respect of a child of mine who shall not survive me shall be distributed to such of his or her issue as shall survive me, per stirpes; provided, however, that if my grandson John C. Orr shall thus become entitled to receive all or a part of such share, all or part of the share otherwise distributable to him shall instead be held by

-4-

my Corporate Trustee as the principal of a separate trust. It shall manage, invest and reinvest the same, shall collect the income therefrom and, after deducting from said income such expenses of administration as shall be properly chargeable thereto, shall from time to time apply such amounts out of the net income of such trust and, if such net income shall be deemed to be insufficient, from the principal thereof for the benefit of my said grandson, JOHN C. ORR, as my Corporate Trustee shall in its sole and absolute discretion, subject to the limitations set forth below, determine to be advisable, accumulating and adding to principal any net income not so applied. Upon the death of my said grandson this trust shall terminate, and my Corporate Trustee shall distribute the then remaining principal thereof, with all accrued and all undistributed income, to such of the issue of my said daughter, Nannette Foss Orr, as shall then be living, per stirpes, or, if there shall be none, to such of my issue as shall then be living, per stirpes; provided, however, that if a child of mine would thus become entitled to receive any portion or all of said principal and income and there shall then be in existence a trust under the succeeding paragraph for his or her benefit, said principal and income or portion thereof shall instead be added to such trust, to be administered and disposed of in all respects and in the same manner as said latter principal. The administration of the trust for the benefit of my said grandson under this paragraph shall be subject to the following provisions:

     (i)     I intend that the trust assets be used to supplement, not supplant, impair or diminish, any benefits or assistance of any Federal, state, county, city or other governmental entity for which my said grandson may otherwise be eligible or which he may be receiving. Consistent with that intent, it is my desire that, before expending any amounts from the net income and/or principal of the trust, my Corporate Trustee consider

-5-

the availability of all benefits from government or private assistance programs for which my said grandson may be eligible and that, where appropriate and to the extent possible, my Corporate Trustee endeavor to maximize the collection of such benefits and to facilitate the distribution of such benefits for the benefit of my said grandson.

(ii)    None of the income or principal of this trust shall be applied in such a manner as to supplant, impair or diminish benefits or assistance of any Federal, state, county, city, or other governmental entity for which my said grandson may otherwise be eligible or which my said grandson may be receiving.

(iii)    My said grandson shall not have the power to assign, encumber, direct, distribute or authorize distributions from this trust.

(iv)    Notwithstanding the provisions of subdivisions (i) and (ii) above, my Corporate Trustee may make distributions to meet my said grandson's need for food, clothing, shelter or health care even if such distributions may result in an impairment or diminution of my said grandson's receipt or eligibility for government benefits or assistance but only if my Corporate Trustee determines that (a) my said grandson's needs will be better met if such distribution is made; and (b) it is in my said grandson's best interests to suffer the consequent effect, if any, on his eligibility for or receipt of government benefits or assistance; provided, however, that if the mere existence of my Corporate Trustee's authority to make distribution pursuant to this subdivision shall result in my said grandson's loss of government benefits or assistance, regardless of whether such authority is actually exercised, this paragraph shall be null and void, and my

-6-

Corporate Trustee's authority to make such distribution shall cease and shall be limited as provided in subdivisions (i) and (ii) above, without exception.

B.     The share, if any, determined in respect of a child of mine who shall survive me shall be held by my Trustees as the principal of a separate trust. My Trustees shall manage, invest and reinvest the same, shall collect the income therefrom and, after deducting from said income such expenses of administration as shall be properly chargeable thereto, shall from time to time pay or in their discretion apply such amounts out of the net income of such trust and, if such net income be deemed insufficient, out of the principal thereof to or for the benefit of such one or more of the child in respect of whom the same shall have been determined ("such child") and her or his issue living at the time of such payment or application and in such proportions among them, without regard to equality among them and with power to exclude any one or more of them, as my Corporate Trustee shall in its discretion determine to be advisable for the maintenance of such child and issue in reasonable comfort and good health and for their education, accumulating and adding to principal any net income not so paid or applied. Upon such child's death such trust shall terminate, and my Corporate Trustee shall distribute the then remaining principal thereof, with all accrued and all undistributed income, to such of her or his issue as shall then be living, per stripes, or, if there be none, to such of my issue as shall then be living, per stripes; provided, however, that, if a child of mine would thus become entitled to all or a part of said principal and income and there shall then be in existence a trust under this paragraph B for her or his benefit, said principal and income shall instead be added to the principal of such trust, to be administered and eventually disposed of in all respects in the same manner as said latter principal; and provided, further, however, that if my said grandson, John C.

-7-

Orr, would thus become entitled to all or a part of said principal and income, my Corporate Trustee shall not distribute to him the portion or all of the said principal and income to which he would otherwise be entitled but shall instead continue to hold said portion or all the principal and income in trust pursuant to the terms and conditions of the second and all succeeding sentences of paragraph A of this Article Fifth, all of which are herein incorporated by reference. Anything contained herein to the contrary notwithstanding, if my Corporate Trustee shall in its discretion determine that (i) it shall be in the best interest of such child to terminate such trust or (ii) the size of such trust shall be such as to render its continued existence economically or otherwise impracticable, my Trustees shall terminate such trust, in which event the then remaining principal thereof, with all accrued and all undistributed income, shall be distributed to such child.

### SIXTH:

All the residue of my estate, of whatever nature and wherever situated (said residue elsewhere in this will referred to as my "residuary estate"), I devise, bequeath and appoint to such of my issue as shall survive me, per stripes; provided, however, that if my said grandson, John C. Orr, would thus be entitled to receive all or a part of my residuary estate, I instead devise and bequeath such part or all or my residuary estate otherwise distributable to him to my Corporate Trustee, who shall hold the same as the principal of a separate trust. It shall manage, invest and reinvest the same, shall collect the income therefrom and, after deducting from said income such expenses of administration as shall be properly chargeable thereto, shall from time to time apply such amounts out of the net income of such trust and, if such net income shall be insufficient, from the principal thereof for the benefit of my said grandson, JOHN C. ORR, as my Corporate Trustee shall in its sole and absolute discretion, subject to the limitations

-8-

set forth below, determine to be advisable, accumulating and adding to principal any net income not so applied. Upon the death of my said grandson this trust shall terminate, and my Corporate Trustee shall distribute the then remaining principal thereof, with all accrued and all undistributed income, to such of the issue of my said daughter, Nannette Foss Orr, as shall then be living, per stripes, or, if there shall be none, to such of my issue as shall then be living, per stripes. The administration of the trust shall be subject to the rules set forth in subdivisions (i) through (iv) of paragraph A of Article Fifth, all of which are herein incorporated by reference.

**SEVENTH:**

All estate, inheritance, succession and other taxes, domestic and foreign, arising by reason of my death (including any "generation-skipping" transfer tax attributable to "direct skips," as defined in Chapter 13 of the Internal Revenue Code, of which I shall be the transferor, as so defined, but excluding any such tax on any other generation-skipping transfer), whether attributable to property passing under or outside this will, together with any interest and penalty thereon, shall be charged against and paid from my residuary estate disposed of under the preceding Article Sixth.

**EIGHTH:**

A.      If any person shall become entitled to receive outright any property of my estate or a trust hereunder and at the time has not attained the age of 21 years, said property, though vesting in said person, shall be either

(a)      distributed to a custodian of the property of said person under any applicable Uniform Gifts to Minors Act or Uniform Transfers to Minors Act; or

-9-

(b)       placed or kept in the possession of my Personal Representative or my Corporate Trustee, as the case may be, who shall have discretion to use or apply so much of said property and so much of the net income, if any, therefrom as she or it may deem advisable toward the maintenance, education and general welfare of said person, accumulating and investing any income not needed for such purposes and later utilizing it therefore if deemed advisable, until said person shall have attained said age or shall have sooner died, at which time my Personal Representative or my Corporate Trustee shall distribute the rest of said property, together with any accumulated income then remaining, outright to said person or to his or her estate, as the case may be. For the purposes of such administration my Personal Representative and my Corporate Trustee shall have all the powers, rights and discretions elsewhere conferred upon them by this will or by law and shall be entitled to receive the same compensation in respect of both income and principal as if acting or continuing to act as a testamentary trustee with respect to said property. Neither my Personal Representative nor my Corporate Trustee shall be under any duty to sell any real or tangible personal property that may be subject to this subdivision (b) in order to render the proceeds productive of income, and each may in her or its discretion allow said person to have the possession and use of any such property notwithstanding said person's minority, without liability on the part of my Personal Representative or my Corporate Trustee for any wear and tear, damage, destruction or other loss that might result therefrom.

## NINTH:

In paying, applying or distributing net income, accumulated income or principal to or for the benefit of any person pursuant to the provisions of this will, my Personal Representative or my Trustees may in her or their discretion as payment or distribution thereof direct to said person or to his or her guardian, custodian under a Uniform Gifts to Minors Act or Uniform Transfers to Minors Act (and, if permissible under applicable law, to authorize any such custodian to retain any property so distributed until such person attains the age of 21 years), parent or other relative or to an adult with whom said person may be permanently or temporarily residing; and any such guardian, custodian, relative or adult shall have full authority and discretion to expend said income or principal for the welfare of said person. The receipt of said person or any such guardian, custodian, relative or adult shall discharge my Personal

Representative or my Trustees as to any such payment or distribution, without responsibility on her or their part to see to the application thereof.

## TENTH:

A.    I appoint my said daughter, NANNETTE FOSS ORR, as Personal Representative of this will. If she shall fail to qualify or shall cease to act as such, I appoint my said sons, WILSON P. FOSS, IV, and EDWARD C. FOSS, as Personal Representatives in her place. If either of them shall fail to qualify or shall cease to act as such, the other of them shall act alone.

B.    I appoint FIDUCIARY TRUST COMPANY INTERNATIONAL and any corporate successor so acting as Trustee of the trusts hereunder together with, in the case of a trust under paragraph B of said Article Fifth, the child of mine in respect of whom such trust shall be created.  Said Fiduciary Trust Company International and any corporate successor so acting is herein sometimes referred to as my "Corporate Trustee." If such child shall fail to qualify or shall cease to act as a Trustee, said Fiduciary Trust Company International shall act alone.

C.    Any individual acting as a Personal Representative hereof or as a Trustee hereunder, whether or not named herein, may resign at any time, without judicial authorization, by a duly acknowledged instrument declaring such resignation.

D.    The child of mine in respect of whom a trust shall be created, if such child shall not then be under a legal disability, shall have the right at any time or from time to time to remove said Fiduciary Trust Company International or any successor as the Corporate Trustee of his or her trust, and to appoint another bank or trust company (other than a related or subordinate

-11-

party as defined in Section 672(c) of the Code), wherever domiciled, in its place. Such child shall also have the right to make such agreement with any bank or trust company so appointed concerning its compensation for. and the other terms and conditions of its acting as a Trustee hereunder.

E.    Each appointment and removal pursuant to this Article shall be by a duly acknowledged instrument delivered to the bank or trust company being appointed or removed and which may be executed before or after the vacancy in question shall have arisen and may be revoked by the appointor at any time prior to its becoming effective, which shall be upon its acceptance by the appointee by like instrument after the vacancy in question shall have arisen. Unless otherwise provided in the instrument of appointment, the death of the appointor shall not revoke the appointment.

F.    All powers, rights, discretions and duties conferred or imposed by this will or by law upon my Personal Representative and my Trustees shall devolve upon any substitute or successor, should there be one, whether or not named herein.

### ELEVENTH:

In addition to and not in derogation of every power, right and discretion conferred upon my Personal Representative and my Trustees (hereinafter collectively referred to as "my Fiduciaries") by any other provision hereof or by law, but subject always to the provisions of Articles Fifth and Sixth, they shall have the following powers, rights and discretions:

A.    To retain any property, real or personal, in the form received, whether or not income producing or of the kind in which fiduciaries are or shall be legally authorized to invest.

-12-

B.      To sell, exchange or otherwise dispose of any property, real or personal, publicly or privately and for cash or on credit, with or without security, as deemed advisable.

C.      To invest or reinvest in any property, real or personal, including corporate stocks of any class and a corporate Fiduciary's common trust funds or other internally managed funds, whether or not income producing or of the kind in which fiduciaries are or shall be legally authorized to invest.

D.      To acquire joint investments or investments in undivided interests in any property, including any outstanding interest in any such investment already held.

E.      To mortgage, pledge, lease, sublease, repair, alter, subdivide, develop, improve or otherwise deal with any property, without regard to any legal restriction as to duration or otherwise.

F.      In the case of any mortgage, to extend, renew or foreclose it, to purchase the property securing it at any foreclosure or other sale, to take title to such property by deed in lieu of foreclosure or otherwise, and generally to protect the investment.

G.      To make agreements for partition of and to partition any real property and to pay any sums needed for equality of partition.

H.      Insofar as legally permissible, to take and hold any property in their individual names or name, in the name of a nominee or in unregistered form, without in any such case disclosing the fiduciary relationship.

I.      Insofar as legally permissible, to remove any property of my estate or of a trust hereunder from one jurisdiction to another and to retain outside the jurisdiction of my domicile at my death any property of my estate or of such trust which shall at my death be so situated.

J.      To effect and keep in force title, fire, theft, liability, casualty or other insurance to protect any property against hazards.

K.      To compromise, submit to arbitration, release or otherwise settle any claims.

L.      To enter into, extend, renew or modify any contracts or other undertakings as deemed advisable.

M.      To borrow money from any person, firm or corporation, in order to pay debts, taxes or expenses or for any other fiduciary purpose, and to mortgage or pledge any property to secure any such borrowing.

-13-

N.    To participate in any plan of foreclosure, reorganization, recapitalization, consolidation, merger, combination, division, liquidation or dissolution or other comparable plan; to consent to or dissent from any such plan or any action thereunder or to or from any contract, lease, mortgage, pledge, purchase, sale, exchange or other action by any corporation; to deposit any property with any protective, reorganization or similar committee; to delegate discretionary powers thereto and to share in its expenses and compensation; and to take and hold any property derived under any such plan or action.

O.    To pay calls, assessments and any other sums chargeable or accruing against or on account of stocks, bonds or other property, whenever such payment shall be legally enforceable or be deemed advisable.

P.    To sell or to exercise any conversion, subscription or other rights or options as to any property.

Q.    To exercise voting rights and grant proxies, discretionary or otherwise, with respect thereto.

R.    To execute and deliver any instrument incidental to the exercise of any power hereby or by law conferred.

S.    To determine how receipts or disbursements are to be credited to or charged against principal or income hereunder in accordance with the law governing this will, exercising discretion to resolve whatever legal or factual doubts, if any, may arise in so applying said law.

T.    To hold any separate shares or other interests in undivided form for convenience of investment and administration.

U.    To make division or distribution in kind or in cash or partly in each, allotting like or different property or property having like or different income tax bases to any separate shares or other interests; and to fix for any such purpose, insofar as legally permissible, the value of any such property; all without the necessity of obtaining the consent, written or otherwise, of any interested party, whether or not such party be under any legal disability, or of making any adjustment of fiduciary accounts or of beneficial interests hereunder to compensate therefor.

V.    To utilize any available tax deductions or options and to make any tax elections with a view to obtaining the greatest net tax saving or benefit, whether immediate or prospective; and in any such case no adjustment of fiduciary accounts or of beneficial interests hereunder need be made to compensate therefor.

-14-

## TWELFTH:

No one dealing with any of my Fiduciaries need question her or their authority to enter into any transaction or need see to the application of the proceeds or avails thereof.

## THIRTEENTH:

A.     My Fiduciaries, regardless of any legal restrictions otherwise applicable, shall be entitled:

A.     To act in any jurisdiction without giving bond or other security and without making any periodic accounting to ensure the faithful performance of fiduciary obligations.

B.     To receive by way of compensation such commissions as shall from time to time be allowed by law or as shall have been otherwise specified in this will and to take them without judicial authorization and without giving bond or other security for the payment of such commissions or in any proceeding for a payment on account of such commissions.

C.     To employ any persons, firms or corporations as depositaries, custodians, investment counsel, brokers, accountants, attorneys, experts and agents, even if any of them should be a person, firm or corporation with whom or with which a Fiduciary or beneficiary hereunder may be in any way connected in business or otherwise; to rely upon their conduct or advice, to pay them reasonable compensation and to receive reimbursement therefor (without decreasing the compensation to which my Fiduciaries would otherwise be entitled) and for all other proper expenses and charges.

D.     To rely, in acting hereunder, upon any letter, notice, certificate, report, statement, instrument, document or other paper and upon any telephone, telegraph, cable, wireless, radio or other message, if believed to be genuine and to be signed, sealed, acknowledged, presented, sent, delivered or given by or on behalf of the proper person, firm or corporation, without incurring liability for any action or inaction based thereon.

E.     To use best judgment in exercising the powers, rights and discretions conferred or in performing the duties imposed hereby or by law and, in order to feel free in doing so, to be exempt from personal liability, to the maximum extent permitted by law, for any action taken or omitted in good faith.

F.     Except with respect to the powers, rights and discretions specifically conferred upon my Corporate Trustee, to delegate to one another, if more than one be

-15-

acting, any powers, rights, discretions or duties for such period and upon such terms as may be specified in a signed writing and to modify or revoke any such delegation by a like writing.

G.    To acquire and administer any property, if acceptable, which any person may add to a trust hereunder by will or *inter vivos* transfer.

H.    To assume, in the absence of written notice to the contrary from the one or ones concerned, that a fact or an event by reason of which an interest or estate hereunder shall arise or terminate does not exist or has not occurred, without incurring liability for any action or inaction based upon such assumption.

I.    To continue to have and exercise, after the termination in whole or in part of a trust or of the administration of property held pursuant to the terms of subdivision (ii) of Article Seventh hereof, until the final distribution of the property thereof or held subject thereto, all powers, rights and discretions conferred hereby or by law during the existence of such trust or administration.

## FOURTEENTH:

In order to avoid the expense and delay attendant upon a judicial settlement of the accounts of my Fiduciaries or any of them, they or any of them may at any time or from time to time render to all persons beneficially interested in my estate or in a trust hereunder who shall then be under no legal disability an account of their, her, his or its acts and transactions. Said persons shall have full power to settle finally any such account and, upon the basis thereof, to release my Fiduciaries, individually and as such, from all liability, responsibility and accountability for their, her, his or its acts and transactions and for omissions. Such settlement and release shall be binding upon all persons interested in my estate or in such trust even if then minors, under any other legal disability or as yet unborn, and shall have the full force and effect of a final judgment or order of a competent court in an appropriate action or proceeding for an accounting in which jurisdiction was obtained of all necessary and proper parties. The executor, administrator, guardian, successor or other legal representative of a Fiduciary, if she, he or it be

-16-

unable personally to render such an account, may do so on her, his or its behalf. My Fiduciaries shall not, however, be precluded by these provisions from having an account judicially settled, if that course be deemed preferable.

### FIFTEENTH:

A.     As used in this will, the term "discretion" shall mean the widest discretion which it shall be legally permissible for a fiduciary to exercise.

B.     As used in this will, the terms "Internal Revenue Code" or "Code" shall mean the United States Internal Revenue Code of 1986, as amended from time to time, or any future Internal Revenue Code, and each reference to a chapter of the Internal Revenue Code shall be deemed to include future amendments to such chapter as well as comparable provisions of future Internal Revenue laws.

C.     As used in this will, a disposition to the issue of an individual "per stirpes" shall mean that the property subject to such disposition shall be divided into so many equal shares that there shall be one such share in respect of each then living child of such individual, if any, and one such share in respect of each then deceased child of such individual of whom there shall be issue then living. A share in respect of a deceased child or more remote issue shall be further divided into equal shares in the same manner as provided in the preceding sentence.

D.     As used in this will, the term "issue" shall not include any children of my said grandson, John C. Orr, which are born to him out of wedlock.

E.     As used in this will, the term "qualifying organization" shall mean an organization described in Sections 170(c) and 2055(a) of the Code at the time such definition is applied.

**SIXTEENTH:**

The relationship of any person which is derived by or through legal adoption shall for the purposes of this will be considered to be a natural one; provided, however, that, the term "issue" shall not include any descendant of my said grandson, John C. Orr, who derives his or her relationship to my said grandson through adoption.

**SEVENTEENTH:**

No beneficiary's interest in the income or principal of my estate or of a trust hereunder shall be assignable or subject to the claims of creditors.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 23rd day of *APRIL*, 2002.

*Mae Chandler Foss*

The foregoing instrument, consisting of 18 pages, including this page, and bearing at its end the signature of the above-named testatrix, MAE C. FOSS, was on the date written above signed, sealed, published and declared by her to be her will in the presence of us, the undersigned, who at her request and in his presence and in the presence of each other have subscribed our names as witnesses. At the time of such subscription said testatrix appeared to us to be of full age and sound mind, in all respects competent and acting under no restraint.

*Louise A. Sharretts*　residing at　37 Hedge Row Rd Princeton, N.J. 08540

*Joanne J. Curry*　residing at　120 MOORINGS PARK DR. NAPLES, FL 34105

-18-

I, MAE C. FOSS, the testatrix, sign my name to this instrument this 23ʳᵈ day of APRIL , 2002, and, being first duly sworn, do hereby declare to the undersigned authority that I sign and execute this instrument as my last will and testament, and that I sign it willingly, that I execute it as my free and voluntary act for the purposes therein expressed, and that I am 18 years of age or older, of sound mind, and under no restraint or undue influence.

*Mae Chandlee Foss*

Each of Louise H. Sharretts and Joanne G. Curry , the witnesses, being first duly sworn, hereby declares to the undersigned authority that the testatrix, MAE C. FOSS, signs and executes this instrument as her last will and testament and that she signs it willingly; and each hereby further declares that in the presence and hearing of the testatrix, he or she hereby signs this will as witness to the testatrix's signing, and that to the best of his or her knowledge the testatrix is 18 years of age or older, of sound mind, and under no restraint or undue influence.

*Louise H. Sharretts*

*Joanne G. Curry*

STATE OF Florida    )
                    : ss.:
COUNTY OF Collier   )

Subscribed, sworn to and acknowledged before me by the testatrix, MAE C. FOSS, and subscribed and sworn to before me by Louise Sharretts and Joanne Curry , witnesses, this 23ʳᵈ day of April , 2002.

*Carmen A. Cook*
Notary Public



CARMEN A. COOK
MY COMMISSION # DD 045693
EXPIRES: July 30, 2005
1-800-3-NOTARY   FL Notary Service & Bonding, Inc.

816974v1